IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TINA LORRAINE RUTHERFORD,

                      Case No. 3:21-cv-01257-MO

        Plaintiff,

                      ORDER TO DISMISS

    v.

NORCOR CORRECTIONS FACILITY,

        Defendant.

MOSMAN, District Judge.

Plaintiff, a patient at the Oregon State Hospital, brings this civil rights action pursuant to 42 U.S.C. § 1983 and applies for *in forma pauperis* status. Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (#1) is granted. However, for the reasons set forth below, Plaintiff's Complaint (#2) is dismissed without leave to amend. *See* Fed. R. Civ. P. 12(b)(6); 2u U.S.C. § 1915(e)(2)(b).

///

///

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff presents a rambling Complaint that names NORCOR as the sole Defendant to this case.[1] She appears to claim that on or about August 18, 2020, authorities arrested her for Assault. She claims that she is not guilty of that offense and that the police are responsible for bringing false charges. She also claims that an unidentified person (who might be a police officer) was coerced into naming her as a perpetrator of the crime.

According to Plaintiff, unidentified individuals tortured her when the authorities lodged her at NORCOR. She claims she was the victim of starvation, extreme abuse, and sexual assault and that the authorities' sole purpose in imprisoning her was to "silence" her for reasons she does not identify. Plaintiff asserts that she was "denied all medical" while at NORCOR and that the State is attempting to damage her credibility by labeling her as "crazy" so as to protect the police officers who fabricated the charges against her.[2]

---

[1] NORCOR is a regional correctional facility jointly operated by Wasco, Gilliam, Hood River, and Sherman Counties. Plaintiff also refers to this as the "Wasco County Jail" in her Complaint.

[2] According to Plaintiff, her trial judge referred her to the Oregon State Hospital for evaluation.

2 - ORDER TO DISMISS

Plaintiff also takes issue with non-party "Dr. Grundoo" claiming she "lies on her psych reports." Complaint (#2), p. 4. She believes that individuals within Oregon's medical and criminal justice systems have stolen a full year of her life, and that the State of Oregon has unleashed a "full ars[e]nal" so as to make the "maximum amount of money on the necks of the most [vulnerable]." *Id.* Plaintiff feels particularly aggrieved because she purportedly fled an abusive ex-husband as well as corrupt city and state police departments in Arkansas only to be deprived of her rights in Oregon as well.

Plaintiff claims to have filed 100 grievances as to these issues that not only failed to lead to any relief, but prompted various forms of retaliation by jail staff including an incident where they allegedly "flooded the cells with feces." *Id* at 7. Plaintiff asserts that although she enjoyed the appointment of counsel at some point (or perhaps currently), counsel refused to advise her as to her rights. She asks the Court to appoint an "extre[me] lawyer" to vindicate her rights in Oregon and Arkansas and seeks money damages in an unspecified amount for all of the aforementioned wrongdoing. *Id* at 5.

///

///

3 - ORDER TO DISMISS

## STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(b), the Court is required to summarily dismiss a complaint it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). This screening requirement applies to both prisoner and non-prisoner *in forma pauperis* proceedings. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that Defendants violated her constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes her

4 - ORDER TO DISMISS

pleadings liberally and affords her the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

As an initial matter, Plaintiff not only fails to sign her pleading as required by Fed. R. Civ. P. 11(a), but her Complaint does not contain a short, plain, and concise statement of her claims as required by Fed. R. Civ. P. 8. These procedural deficiencies aside, she brings this case against a single municipal Defendant without making any allegations that would support a finding of municipal liability. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). She also improperly seeks to utilize this federal civil rights case, at least in part, to challenge the validity of pending criminal charges in Oregon's state courts. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Ordinarily, the Court would allow Plaintiff leave to amend her Complaint in order to cure at least some of these deficiencies. However, the Court finds that Plaintiff's allegations not only fail to state a claim but, in their aggregate, are fanciful in nature and therefore frivolous.

Accordingly, the Court dismisses the Complaint without leave to amend.

CONCLUSION

Based on the foregoing, Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (#1) is granted. However, Plaintiff's Complaint (#2) is summarily dismissed for failure to state a claim and because it is frivolous. Due to the fanciful nature of Plaintiff's allegations, the dismissal is with prejudice and without leave to amend. Plaintiff's pending Motion for Appointment of Counsel (#3) is denied.

Additionally, for the reasons set forth above, this Court certifies that any appeal from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

IT IS SO ORDERED.

_____
DATE

_____
Michael W. Mosman
United States District Judge

6 - ORDER TO DISMISS